**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karl Williams,<br><br>    Plaintiff,<br><br>v.<br><br>City of Apache Junction, et al.,<br><br>    Defendants. | No. CV-22-01440-PHX-MTL<br><br>**ORDER** |

      Before the Court is Defendants City of Apache Junction and Craig Martin's Partial Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 14.) Defendant David James joins in the Motion. (Doc. 15.) The Motion is fully briefed, and the Court rules as follows:

      1.    Mr. Williams asserts a negligent training and supervision claim (Count 1) and a false arrest and imprisonment claim (Count 2) against the City of Apache Junction. But Mr. Williams does not assert any well-pleaded facts to support either of these claims. Under Arizona law, negligent training and supervision claims against employers require a showing that "the employer knew or should have known that the employee was not competent to preform the assigned task." *Sloan v. United States*, 2016 WL 3548766, at *2 (D. Ariz. June 30, 2016). Mr. Williams simply recites boilerplate elements-of-the-offense-style allegations. As much as the Second Amended Complaint alleges after-the-fact actions taken by the City of Apache Junction (i.e., deleting the incident recording from Mr. Williams' smartphone, ¶ 16), those allegations do not support the antecedent knowledge

requirement. While this lack of detail may suffice for state court pleading, it falls far short of the standards established in Rule 8 of the Federal Rules of Civil Procedure. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mr. Williams has had previous opportunities to amend his pleading to correct these identified deficiencies. It appears to the Court that Mr. Williams cannot further amend his complaint to state well-pleaded claims against the City of Apache Junction for negligence and false arrest and imprisonment. Count 1 and Count 2, as it applies to the City of Apache Junction, will be dismissed with prejudice.

       2.      Defendants Craig Martin and David James assert qualified immunity under federal law and Arizona common law. Qualified immunity is "an immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009). The immunity "shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Shooter v. Arizona*, 4 F.4th 955, 961 (9th Cir. 2021) (quoting *Ascroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). Under Arizona common law, a law enforcement officer is entitled to qualified immunity for exercising discretionary functions. *Chamberlain v. Mathis*, 151 Ariz. 551, 557 (1986). "[A]n officer performing a discretionary act within the scope of his public duties may be liable only if grossly negligent." *Merritt v. Arizona*, 425 F. Supp. 3d 1201, 1231 (D. Ariz. 2019).

Whether qualified immunity applies should be decided at the earliest point in the legal proceedings. *Pearson*, 555 U.S. at 232. On a motion to dismiss, however, the well-pleaded complaint allegations must be taken as true. *Shields v. Credit One Bank, N.A.*, 32 F.4th 1218, 1220 (9th Cir. 2022). Reasonable inferences must be drawn in the non-movant's favor. *Id*. Mr. Williams alleges that he tried to record a traffic stop involving the defendant City of Apache Junction police officers and a third party. One of the officers noticed Mr. Williams recording with his smartphone. The three officers turned their attention to Mr. Williams, shouted at him, physically interacted with him, and confiscated his smartphone. The Second Amended Complaint further describes the incident as

Defendant James "grabbing [him] by the neck." (Doc. 13 ¶ 15.) It alleges that "Mr. Williams was later thrown to the ground by Officers Martin and Gearhart." (*Id*.) The smartphone video was allegedly deleted by unidentified City of Apache Junction personnel, but the Second Amended Complaint asserts that police body camera footage and nearby security surveillance footage corroborates Mr. Williams' story. (*Id*. ¶¶ 16, 18-19.)

Under Arizona common law qualified immunity, the Court finds that the allegations contained in Mr. Williams' Second Amended Complaint sufficiently allege that the officer defendants acted with at least gross negligence. The allegations also sufficiently plead that he was deprived of his federal constitutional rights to freedom of speech and due process, and his freedom from unreasonable searches and seizures, excessive force, and false arrest. The Court further finds that Mr. Williams' response to the Motion to Dismiss satisfies, at least at this early stage, his burden to show that the law was clearly established at the time of the incident. For these reasons, the Motion to Dismiss for qualified immunity will be denied without prejudice.

3. At the motion to dismiss stage, the Court evaluates the complaint based on the well-pleaded facts and reasonable inferences are drawn in the plaintiff's favor. *Shields*, 32 F.4th at 1220. For the same reasons stated above, the Court finds that the Second Amended Complaint states sufficient well-pleaded factual allegations against Defendants Martin and Craig to support the claims against them for false arrest and false imprisonment, as well as well as the 42 U.S.C. § 1983 civil rights violations claim. Insofar as the Motion argues that the Second Amended Complaint fails to state a claim, it will be denied.

…

…

…

…

…

…

Accordingly,

**IT IS ORDERED**:

1. The Motion to Dismiss (Doc. 14) is **granted in part and denied in part**. All claims against the City of Apache Junction are dismissed, with prejudice.

2. The Motion is denied in all other respects.

3. The parties request oral argument. The Court finds that oral argument will not significantly aid in the decisional process, and it is therefore denied.

4. A Rule 16 conference will be set by separate order.

Dated this 13th day of February, 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge